IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL S. OSHETSKY,                )
                                    )
            Plaintiff,              )
                                    )
        v.                          )        Civil Action No. 12-751
                                    )
CAROLYN W. COLVIN,                  )
ACTING COMMISSIONER OF              )
SOCIAL SECURITY,                    )
                                    )
            Defendant.              )

MEMORANDUM AND ORDER OF COURT

AND NOW, this _9th_ day of September, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his pending application for supplemental security income on April 23, 2009, alleging a disability onset date of January 24, 2009, due to an injury to his left knee.[1] Plaintiff's application was denied initially. At plaintiff's request an ALJ held a video hearing on October 25, 2010, at which plaintiff, represented by counsel, appeared and testified.[2] On November 29, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On May 25, 2012, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 33 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has at least a high school education and has past relevant work experience as the operator of a lawn care service, a tree service climber and an assembler, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease, healed tibial fracture, degenerative joint disease of the left knee and loose body left knee, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform the full

---

[1]    Plaintiff originally applied for both disability insurance benefits under Title II of the Act and supplemental security income under Title XVI, with an alleged onset date of July 2, 2002. However, he subsequently amended his onset date to January 24, 2009, the date of his knee injury. Because his date last insured was December 31, 2007, his application for Title II benefits was deemed withdrawn in light of the amended onset date.

[2]    Plaintiff had been scheduled for a hearing on August 13, 2010. Although plaintiff's counsel appeared, plaintiff was not present. At counsel's request, the hearing was continued to October 25, 2010, for the purpose of obtaining updated medical records.

range of sedentary work. (R. 22). The ALJ then applied Rules 201.27 and 201.28 of the Medical-Vocational guidelines which direct a finding of not disabled for an individual of plaintiff's age, education and work experience with the residual functional capacity for the full range of sedentary work.[3] Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[4] for determining whether a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3]     The Medical-Vocational guidelines, or "grids," set forth various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §416.969; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

[4]     The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920.

Here, plaintiff raises two challenges to the ALJ's finding of not disabled: (1) the ALJ failed to consider all of plaintiff's impairments as documented in the medical record; and, (2) new and material evidence that was not before the ALJ contradicts the ALJ's finding of not disabled. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ failed to consider and evaluate evidence relating to all of his impairments. Specifically, he contends that although the ALJ found that plaintiff suffers from a number of severe impairments, he nevertheless failed to consider other medical tests showing a right knee impairment and a cervical disc impairment and further failed to analyze whether those additional impairments are severe or how they might affect plaintiff's ability to work.

Plaintiff's argument as it relates to a "cervical disc impairment" is belied by the record. Although plaintiff contends that the ALJ failed to consider the results of a cervical x-ray and cervical MRI dated October 8, 2010, the ALJ expressly referenced those tests and discussed the results at length in his decision. (R. 24-25). Moreover, at step 2 the ALJ expressly found that plaintiff suffers from the severe impairment of "degenerative disc disease," and there is no basis upon which to infer that this finding was limited solely to plaintiff's lumbar spine and did not also encompass any problems that plaintiff has in his cervical spine. Nor does plaintiff point to any evidence suggesting that any mild degeneration in his cervical spine as indicated in the x-ray and MRI results in any additional limitations beyond those found by the ALJ at step 5 restricting plaintiff to sedentary work. The court is satisfied that the ALJ properly considered and analyzed plaintiff's "cervical disc impairment."

Plaintiff's allegations concerning a right knee impairment equally are unavailing. Plaintiff contends that the ALJ failed to consider an October 19, 2010, MRI on plaintiff's right knee which

showed tears in both his medial and lateral meniscus and for which he was scheduled for surgery on October 28, 2010, three days after the ALJ held the hearing on plaintiff's disability claim. Again, however, it is clear that the ALJ did not ignore that report but in fact explicitly referred to the MRI and its results in his decision. (R. 25).

Moreover, the ALJ also did not err in not finding at step 2 that plaintiff's right knee injury is a severe impairment.[5] As already noted, disability under the Act requires the inability to engage in substantial gainful activity by reason of an impairment "which can be expected to last for a continuous period of at least twelve months." 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). (emphasis added).

Here, there is nothing in the record to suggest that plaintiff had a right knee impairment which could be expected to last for a continuous period of at least twelve months. As plaintiff conceded at the hearing, the injury to his right knee was a "new problem" (R. 79) that had occurred when his knee "gave out" on October 16, 2010, a mere 9 days prior to plaintiff's hearing before the ALJ, and he further testified that he was scheduled to have surgery to repair the tears in his right knee 3 days after the hearing on October 28, 2010. (R. 80). Nor is there anything in the October 19, 2010, suggesting that plaintiff's right knee injury was so severe that it could not be repaired or that it might result in permanent limitations in plaintiff's ability to perform basic work activities.

A claimant bears the burden at step 2 of establishing that an impairment is severe. See, McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3rd Cir. 2004). Although not

---

[5]    At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(a). The step two inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

exacting, plaintiff's burden here was to show that his right knee injury was so severe that it would result in more than a *de minimus* effect on his ability to perform basic work functions for a period exceeding twelve months.  Instead, all plaintiff relies upon is an MRI showing recent tears in two knee ligaments for which he was scheduled for surgical repair a few days after the hearing. However, it is well settled that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  Here, plaintiff failed to meet his burden of showing that his right knee injury was a severe impairment within the meaning of the Act.

Finally, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity, the record also fails to support that position.  The ALJ specifically found in his decision that "[w]ith respect to all of the claimant's impairments, the record falls short of showing that his conditions are disabling for any period, most particularly for any 12 month period." (R. 26)(emphasis added).  The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's residual functional capacity assessment is supported by substantial evidence.

Plaintiff's final argument is that new and material evidence that was not before the ALJ contradicts the ALJ's finding of not disabled.  Specifically, plaintiff relies on an operative report dictated by Dr. Michael Scheel on October 28, 2010, and transcribed on November 3, 2010, regarding the surgery performed on plaintiff's right knee.  (R. 250-53).  Because the court does not believe that this evidence is material to the ALJ's determination of not disabled, nor has good

cause been shown why this report was not presented to the ALJ, plaintiff is not entitled to a remand for consideration of this report.

Because the operative report at issue was not before the ALJ, this court may not consider it in evaluating the ALJ's decision under the substantial evidence standard.  Instead, when a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act.  See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001).  Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

Here, even assuming the report is new, plaintiff cannot show good cause for it not having been incorporated into the record before the ALJ.  Although plaintiff's surgery occurred, and the operative report was generated, after the hearing before the ALJ, it is clear from the record that the ALJ was aware of the impending surgery at the time of the hearing on October 25, 2010, and he expressly held the record open for 14 days in order for plaintiff to provide reports from, *inter alia*, Dr. Scheel.  (R. 96).

Here, the report at issue was dictated on October 28, 2010, and was transcribed on November 3, 2010, and therefore it can be presumed that it was available prior to the closing of the record on November 8, 2010.   Even if plaintiff had not been able to obtain it prior to November 8, 2010, however, the ALJ's decision was not issued until November 29, 2010, and there is no indication that plaintiff attempted to provide it to the ALJ before the decision came

AO 72
(Rev. 8/82)

down or that he sought any sort of extension of the 14-day period that the ALJ initially had given him at the time of the hearing.

Moreover, even if plaintiff could establish good cause, he cannot show that the report at issue is material, as there is nothing in that report that might alter the ALJ's finding of not disabled. The operative report merely describes the procedure that was performed on October 28, 2010. There is no indication in the report that the surgery was not a success, nor is there any type of prognosis for plaintiff's recovery. Because the report contains no information which might suggest that plaintiff's knee injury was a severe impairment which could be expected to last for a continuous period of at least twelve months, or that plaintiff's repaired right knee might result in additional work-related restrictions not already incorporated into the ALJ's residual functional capacity finding, it is not material to the ALJ's ultimate determination of not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc:     James C. Ward, Esq.
        Porta-Clark + Ward
        100 Fleet Street
        Suite 101
        Pittsburgh, PA 15220

        Albert Schollaert
        Assistant U.S. Attorney
        U.S. Post Office & Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219